IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA**      ) | Criminal No.   1:14-CR-189 (MAD) |
| ) | |
| **v.**      ) | **GOVERNMENT'S SENTENCING** |
| ) | **MEMORANDUM** |
| **ABDELMAJI K. LABABNEH,**      ) | |
| ) | |
| ) | |
| **Defendant.**      ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to a term of imprisonment within the guidelines range, to be followed by a five year term of supervised release, and impose a special assessment of $100.

## INTRODUCTION

On August 14, 2014, the defendant entered a guilty plea to one count of conspiracy to possess with intent to distribute and to distribute a controlled substance, XLR11, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). The defendant is scheduled to be sentenced on June 15, 2015.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum Sentence**

The defendant's conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(C), subjects the defendant to a statutory maximum term of 20 years imprisonment; a maximum term of 3 years of supervised release; and a fine of $1,000,000.  *See* 21 U.S.C. § 841(b)(1)(C).

1

**2.      Guidelines Provisions**

   **a.      Plea Agreement**

The parties have stipulated that the defendant is personally accountable for approximately 99 kilograms of a synthetic cannabinoid containing XLR11, in that the defendant was personally involved with that quantity or it was reasonably foreseeable to the defendant that the conspiracy involved that quantity.   Plea Agreement ¶ 6(a).

The United States does not endorse any recommendations in the presentence report that are inconsistent with these stipulations or other provisions in the plea agreement.

   **b.      Offense Level**

XLR11 is a synthetic cannabinoid that mimics THC, the active ingredient in marijuana. As set forth in the presentence report, ¶30, pursuant to Application Notes 6 and 8 of U.S.S.G. §2D1.1, 99 kilograms of synthetic marijuana containing XLR11 equates to 16,533 kilograms of marijuana.  Thus, under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance analogue is 34.   *See* U.S.S.G. § 2D1.1(c)(3).

   **c.      Role in the Offense Adjustment**

As set forth in the presentence report, ¶33, pursuant to U.S.S.G. §3B1.1(c), the offense level is adjusted upward two levels because the defendant was an organizer, manager, leader, manager, or supervisor in the criminal activity.

   **d.      Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a).   The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. §3E1.1(b) to credit the defendant

for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

### d. Criminal History Category

The government agrees with the Probation Office's determination in the presentence report that the defendant's criminal history category is III.

### e. Guidelines Range and Sentence

As described above, the combined offense level is 33 and the criminal history category is III. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 168 to 210 months imprisonment; a fine of $17,500 to $1,000,000; and a supervised release term of three years to life.

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment within the guidelines range, to be followed by a five year term of supervised release, and impose a special assessment of $100.

Under the facts present here, such a sentence will be sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a).[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).

                                              Respectfully submitted this 26th day of May, 2015,

                                              RICHARD S. HARTUNIAN
                                              United States Attorney

                                              */s/ Jeffrey C. Coffman*_____
                                              By: Jeffrey C. Coffman
                                              Assistant United States Attorney
                                              Bar Roll No. 517969

---

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

## Certificate of Service

I hereby certify that on May 26, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

>Terence L. Kindlon, Esq.
>Attorney for Defendant Abdelmaji K. Lababneh
>tkindlon@aol.com


>*/s/ Jeffrey C. Coffman*
>Jeffrey C. Coffman