IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:14-CR-189 (MAD) |
| | ) | |
| **v.** | ) | **GOVERNMENT'S SUPPLEMENTAL** |
| | ) | **SENTENCING MEMORANDUM** |
| **ABDELMAJI K. LABABNEH,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files this supplemental memorandum of law in connection with the defendant's upcoming sentencing.

### I.   The Presentence Investigation Report Correctly Scores The Defendant's Criminal History Category As III.

On November 3, 2006, in the U.S. District Court for the Southern District of New York, the defendant was sentenced to a 10 month term of imprisonment for conspiring to distribute contraband cigarettes, in violation of 18 U.S.C. § 371.  (*See* PSR ¶ 43).

On March 9, 2007, in Bronx County Supreme Court, the defendant was sentenced to a 15 month to 4 year indeterminate term of imprisonment for money laundering in the third degree. (*See* PSR ¶ 42).

The defendant argues that no points should be assigned for his 2006 federal conviction. He argues that, "[w]here two convictions are 'related,' or based on a 'common scheme,' the sentenced imposed thereon should not be counted separately for purposed of criminal history points."  (*See* Def. Sent. Mem. at 2).   In support of his argument, the defendant cites decisions of the Third, Fifth, and Seventh Circuit Courts of Appeals.  (*See id.*).   Critically, however, all of these decisions were issued prior to 2006.

The United States does not dispute that the two convictions appear to be related or based on a common scheme. However, the relevant provision of the United States Sentencing Guidelines, §4A1.2(a)(2), was amended in 2007 to eliminate the concept of "related cases." *See United States v. Faison*, 393 Fed. Appx. 754 at *5 (2010). Under the Guidelines in effect now and at the time the defendant committed the instant offense:

> [p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). ***If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.*** Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. §4A1.2(a)(2) (emphasis added).

Here, although the defendant was arrested on separate dates for the two offenses, it is not clear that the offenses were "separated by an intervening arrest" as defined by the Guidelines. Thus, the analysis turns on the second clause. The defendant's sentences clearly did not result from offenses contained in the same charging instrument, in that the convictions were entered in two different courts. Nor were the sentenced imposed on the same day. Thus, neither subsection A nor subsection B applies, and the offenses must be counted separately. *See id; See also Faison*, 393 Fed. Appx. 754 at *6.

## II. The Defendant Waived Any Argument Concerning The Scheduling Of Marijuana and XLR-11 By Pleading Guilty.

The defendant argues that it is unconstitutional for marijuana or XLR-11 to be considered Schedule I controlled substances, and that the scheduling of XLR-11 was procedurally improper. But the defendant waived these arguments by pleading guilty to conspiring to distribute a controlled substance. He has not requested that he be permitted to withdraw his guilty plea. Were he do seek to do so, he cannot show any "fair and just reason" that he should be permitted to

withdraw his guilty plea, which was entered 10 months ago, in order to assert his unsupported legal arguments concerning the scheduling of XLR-11 as a controlled substance.  Fed R. Crim. P. 11(d)(2)(B).

Respectfully submitted this 13th day of June, 2015,

RICHARD S. HARTUNIAN
United States Attorney

*/s/ Jeffrey C. Coffman*
By: Jeffrey C. Coffman
Assistant United States Attorney
Bar Roll No. 517969

**Certificate of Service**

I hereby certify that on June 13, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Terence L. Kindlon, Esq.
Attorney for Defendant Abdelmaji K. Lababneh
tkindlon@aol.com

*/s/ Jeffrey C. Coffman*
Jeffrey C. Coffman