Hon. Mae A. D'Agostino
U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
OCT 0 3 2016
LAWRENCE K. BAERMAN, CLERK
ALBANY

Dear Judge D'Agistino:

NOW COMES Petitioner, Abdelmaji Lababneh, *pro se*, and hereby moves this Honorable Court to reduce his term of imprisonment based on 18 U.S.C. §3582(c)(2) and the retroactive Sentencing Guidelines Amendment 782.

We are writing this letter to request a reduction in sentence to a year and a day for our friend and fellow inmate here at FPC Canaan, Abdelmaji Lababneh, pursuant to Section 3582 (c)(2) and Your Honor's inherent power to reduce a sentence when the Sentencing Guidelines are changed.

Abdelmaji is a Muslim, born in Jordan, who speaks broken English with a heavy Arab accent. He pleaded guilty to selling synthetic marijuana because his attorney told him to plead guilty and that he would not get a lot of time in jail. He was told he would get six months or less because synthetic marijuana is still for sale in gas stations and convenience stores like any other item all over the Bronx, where Abdelmaji lived before he came to FPC Canaan. Abdelmaji had no idea that synthetic marijuana was on the controlled substance list, because he was traveling through Jordan visiting family when it was put on the list. In fact, prior to his departure to Jordan, synthetic marijuana was not on the controlled substance list and many of Abdelmaji's friends were selling it at their gas stations and convenience stores in the Bronx. Upon his return, he was shocked to find out, by his arrest, that his alleged crime was a friend of his selling synthetic marijuana to an informant that was working with the government in Troy, New York. Abdelmaji had no idea that this transaction had even occurred while he was out of the country,

let alone that synthetic marijuana had been added to the controlled substance list and was therefore now illegal. Abdel left for Jordan in April 2013, the transaction occurred in May 2013 while he was out of the country, and he had no idea of what his friend was doing; he was arrested in January of 2014. He had absolutely no knowledge of the transaction or what his friend had done; he certainly was not involved in any conspiracy to sell a substance that he thought was totally legitimate at the time; he had no knowledge that his friend was committing any crime, and he certainly did not agree to participate in any conspiracy to violate any law. Please see Chief Justice Roberts' quiz in *McFadden v. United States*, 576 U.S. \_\_\_ (2015), where the Supreme Court ruled that someone has to know that the substance is actually a controlled substance before he can be convicted of a crime of distributing that substance.

I was born and raised a Catholic, and my other friend helping type this letter is also White, a Christian, and served with honor in the U.S. Military in Iraq. We both want to help our Muslim friend, Abdelmaji, get his sentence reduced for a non-crime that he did not commit, despite the fact that his attorney told him to plead guilty and that he would get no more than a few months in jail. Abdelmaji was sentenced to 97 months because a friend of his sold a substance that is still available and being sold in convenience stores and gas stations in Albany, as well as the Bronx, and everywhere else throughout the country. Your Honor could probably have one of your clerks go out to a convenience store on State Street or Madison Avenue and actually purchase the substance openly that Abdelmaji was given 97 months for, because a friend of his sold that same substance to an undercover informant. The only reason that Abdelmaji pled guilty is because his incompetent attorney told him he would only get 5 or 6 months, despite the fact that his plea agreement, which Abdelmaji could not even read, said up to 20 years and a fine of up to 1 million dollars.

Abdelmaji has a wife and two young children who we have just learned managed to escape from a terrible explosion and fire in the house that they lived in. Abdelmaji's wife and children lost everything and are now living in a shelter in the Bronx with no one to help them. This is a tragic and ridiculous situation that came from an associate selling synthetic marijuana, which taxpayers should not be bearing the exposure of having Abdelmaji kept from his family in their time of need. The associate who actually sold the synthetic marijuana received only 33 months.

If selling synthetic marijuana is a crime, then Abdelmaji was willing to cooperate with the authorities and point out hundreds of stores in the Bronx that sold it and are still selling it to this day. Unfortunately, his indictment was in Troy, New York, a place that he had never been to before, and the authorities in Albany could not care less about stores in the Bronx selling anything. Poor Abdelmaji got no help from his attorney, did not receive a downward departure for cooperating with the government, and did not even receive the two point reduction for drug crimes under Amendment 782 of the Sentencing Guidelines that went into effect November 2014. Instead, Your Honor looked at the old Sentencing Guidelines which still use the old ratio of 1:167, meaning one gram of synthetic marijuana is the equivalent of 167 grams of regular marijuana. Therefore, as bizarre as this might seem, the penalty for selling "synthetic" marijuana based on the amount is 167 times greater than the penalty for selling real marijuana, which makes that person a real drug kingpin. So, all of those convenience store owners in the Bronx are just miniature Pablo Escobar's from the perspective of the Sentencing Guidelines.

The whole purpose of the Sentencing Guidelines is to prevent disparity in sentencing, which we know has already happened in the fact that another Muslim friend of ours here at Canaan, Rashid Mansour, received a year and a day sentence from a different New York judge in

the same Second Circuit while Abdel received 97 months. In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Sentencing Commission pursuant to 28 U.S.C. §994(o), and upon motions of the defendant, the Director of the Bureau of Prisons or on its own motion, the Court may reduce the term of imprisonment after considering the factors set forth in §3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. §3582 (c)(2); 28 U.S.C. §994(o).

On July 18, 2014 the United States Sentencing Commission unanimously voted to give retroactive effect to the Guidelines Amendment regarding drug offenses. The Drug Amendment generally reduced by two levels the offense level assigned to the drug quantities in 2D1.1 and 2D1.11. Pursuant to §994(o), the Commission periodically amends the Sentencing Guidelines. The Supreme Court has stated:

> "In addition to the Commissions duty to review and revise the guidelines, Congress has granted to Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. 28 U.S.C. §99(u). This power has been implemented in U.S.S.G. 1B.1 10, which set forth amendments that justify sentence reduction. *Braxton v. United States*, 500 U.S. 344 (1991) (deferring to Commissions legal interpretation of Sentencing Guidelines.)"

Based on Amendment 782, the Commission lowered by two points every drug level "All Drug Minus 2 Amendment," creating a new sentencing level under 2D1.1 for all those sentenced under Drug Charges, and making it retroactive for those already sentenced. Therefore, the Petitioner respectfully request to be resentenced under the new Amendment 782 and without the erroneous and unsupportable 1:167 ratio of synthetic marijuana to real marijuana. Having established the correct applicable Amendment guideline range, the Court should then consider the factors enumerated in 18 U.S.C. §3553(a) to reduce the original sentence previously imposed to a much more reasonable sentence of a year and a day as has been done in other cases.

Another Muslim friend of ours (Rashid Mansour) just left Canaan after finishing his sentence of a year and one day, for the same situation as Abdelmaji, in the same state and in the same Second Circuit, but with a different judge and different lawyer. This is what was stated in Mansour's case, where the defendant received a sentence of a year and a day for the same amount of synthetic marijuana: "The application of the 1:167 conversion ratio will likely continue to produce inconsistent and inequitable results at sentencing by relying on downward deviations to correct an unsound and unproven calculation. Defendants sentenced under this ratio can receive vastly disparate sentences that depend almost entirely on a trial judge's willingness to deviate from the guidelines-recommended range." See, e.g., Sentencing TR. at 13:4-12, *United States v. Mansour*, No. 5:13-cr-00429 (N.D.N.Y. Jan. 11, 2016), ECF. No. 252 (imposing a one year, one day sentence despite application of the ratio resulting in a guidelines range of 46-57 months); *Hossain*, 2016 WL 70583 at *5-6 (applying a 1:7 ratio, given that "there does not seem to be any reason behind the 1:167 ratio").

To date, only one court has critically examined in context of all of the statutory sentencing factors, whether the 1:167 ratio rests upon appropriate empirical foundations. See *United States v. Hossain*, (1:15-cr-14034) 2016 WL 70583, at *5-7. In *Hossain*, the court thoroughly analyzed the sentencing factors and concluded that, "despite the potential dangers of synthetic cannabinoids, and the clear need for deterrence," *id.* at *5, "the goals of sentencing are not achieved by imposing sentences to upwards of thirty years in prison for dealing in a substance that was intended to mimic marijuana and so new that only a few years before...it was being sold in gas stations and convenience stores," *id.* at *7. Accordingly, the *Hossain* court deviated downward from the guidelines-recommended range based in large part on "the newness of the regulation of XLR-11,...the intimacy of our understanding of the effects of XLR-11 and

other synthetic cannabinoids," *id.* at *6, and the fact that the ratio appears to lack a sound basis. The judge in *Hossain* went on to say:

> "In considering the THC to marijuana ration, I find it troubling that there does not seem to be any reason behind the 1:167 ratio. Although I asked each of the experts at the hearing, no one could provide me with a reason for this ratio, which has major implications in determining the base level offense. After my own research and a phone call to the Sentencing Commission, I still could find no basis for this ratio. It appears to have been included in the first set of Guidelines in 1987, with no published explanation. While a sentence must reflect the seriousness of the offense to provide just punishment, a sentence based on a range that seems to have no cognizable basis is not just".

Although district courts are not required to analyze whether a sentencing guideline is supported by empirical evidence, they are charged with imposing sentences that are "sufficient but not greater than necessary" to achieve the goals of sentencing articulated in 18 U.S.C. §3553(a). This obligation calls for greater scrutiny of unjustified effects of the 1:167 conversion ratio in sentencing synthetic marijuana offenders. The XLR-11 synthetic marijuana discussed above is the same synthetic marijuana discussed in *Hossain* and is the same compound that Mansour received a year and a day on and is the same cannabinoid still being sold at convenience stores in the Bronx under a dozen different names such as Scooby Doo, Smiley Face, Bob Marley, and hundreds of others and is even available on Alibaba and other internet websites.

The inequity of the 1:167 ratio may be further exacerbated because defendants confronting it may experience overwhelming pressure to plead guilty, especially when prosecutors are willing to stipulate to sentencing factors that would lower the sentencing range under the Guidelines. See *Human Rights Watch*, "An Offer You Can't Refuse: How US Federal Prosecutors Force Drug Defendants to Plead Guilty" (Dec. 2013) (observing that prosecutors may negotiate terms that would lead to lowering sentencing, while district courts imposed, on average, three times longer sentences when defendants go to trail).

Your Honor will notice that the judges in the *Hossain* and *Mansour* cases were both very critical of the arbitrary and unscientific 1:167 ratio for synthetic marijuana versus the real thing in their opinions. Therefore, we would respectfully ask that you commute Abdelmaji's sentence to one year and one day as was done in the *Mansour* case, which is still a serious sentence for a product that is still being sold in convenience stores around the country.

Respectfully Submitted,

Abdelmaji Lababneh
*Pro-Se* Petitioner
Reg. #58275-054
Federal Prison Camp Canaan
Unit G
P.O. Box 200
Waymart, PA 18472