June 12, 2017

Hon. Mae D'Agostino
445 Broadway
Albany, NY 12207

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 2 2017

LAWRENCE K. BAERMAN, CLERK
ALBANY

Re: USA v. Lababneh
    Case No. 1:14-cr-00189-MAD

Dear Judge D'Agostino:

   Thank you for allowing me the opportunity to request appointment of counsel to assist me with the preparation and filing of my 2255 motion. I apologize for failing to address previously some of the points raised in the Court's decision concerning my initial motion. As I am without the financial means necessary to retain private counsel, nor do I possess the legal knowledge and skills to prepare and present evidence in this matter, I believe I qualify for appointed counsel. Additionally, I believe the appointment of counsel for me serves the interest of justice in my case.

   I realize that in order for the Court to find that appointment of counsel for me serves the interest of justice, it must first decide whether my "position seems likely of substance." It is. My claim for 2255 relief is based on three (3) reasons:

   a) my attorney coerced me into entering my guilty plea;
   b) my attorney never showed me a copy of my PSR, which indicated the goverment's calculation of my sentence guideline range; and
   c) my attorney failed to adequately present any evidence to challenge, or depart from, the use of an equivalency ratio of 1:167 for the purpose of calculating my sentence.

Briefly, I will outline why each of these reasons is of substance. First, I didn't want to plead guilty to the charges against me. I wanted to go to trial. However, I had been held without bail from January, 2014 to August, 2014. During this time, my wife was pregnant with our first child. My attorney told me that the only way I would be released to be with her, and my newborn son, was to plead guilty. Further, he instructed me that I had to "say yes to all the Court's questions" at the hearing or I would not be released. My attorney knew I was consumed with anguish over not being there to help my wife during her pregnancy, and the birth of our child. During very difficult conversations with my attorney at this time, he even once slammed my file to the floor stating "you go to trial, you lose and stay here." But, he then said,"if you say yes, you go see your family the same day." My attorney played on my emotional state to make me do what I did not want to do. That is coercion.

Hon. Mae D'Agostino
June 12, 2017
Page two

    Second, after pleading guilty, my attorney promised to show me my PSR, which indicated the government's calculation of my sentence. He never showed me this document because he did not wnat me to see the lengthy sentence that the government had determined in my case. My attorney knew that I would never have pled guilty if I knew that I faced such a long sentence. When I repeatedly asked what my sentence would be, he merely said, "you have a young son, you won't serve a long sentence." He also said, "don't worry about any ratio issues because "for sentencing there is no difference between 1 kilogram and 100 kilograms." I wasn't quite sure what he meant by that, but I knew he said it to diminish my objections to the guilty plea. My attorney mislead me with this information as I later learned the equivalency ratio mattered a great deal, especially since the Court applied a 1:167 ratio.

    Third, my attorney never objected to, nor provided any evidence for a departure from, the 1:167 equivalency ratio. As this Court knows, I filed a direct appeal of the judgment against me. That appeal was denied. In its decision, the Court of Appeals noted that my attorney failed to show any evidentiary support that XLR11 (the substance that I was charged with possessing) was more closely related to marijuana than THC. Further, my attorney did not provide any scientific, or other, evidence to support a variance or departure from the use this equivalency ratio. It was my attorney's job to do these things. He failed to do so and his failure was ineffective assistance to me.

    This Court has graciously provided guidance to me as to the points it must then consider should it decide my claims seem likely of substance. I will try to address each of these as best I can.

    1) <u>Ability to investigate claims.</u> I cannot adequately investigate my claims on my own. I am currently incarcerated. Therefore, I am extremely limited in being able to access files, obtain records, prepare affidavits or statements to support my 2255 relief motion. The issues surrounding the equivalency ratio alone are complex and daunting to me, let alone the legal process necessary to prove my attorney's coercive behavior. Further, I may have to provide technical evidence to indicate a lower ratio should have, or would have been used in my case had my attorney adequately presented that to the Court.

    2) <u>Whether conflicting evidence implicates the need for cross examination.</u> I do not believe my former attorney will voluntarily admit to the methods he employed to coerce me into pleading guilty. I do not believe my former attorney will admit his failure to provide me a copy of my PSR was meant to withhold information about the lengthly sentence that I faced once I pled guilty. I do not believe my former attorney will admit that he failed to adequately prepare and present evidence to reduce the equivalency ratio in my case. I will need counsel to examine

Hon. Mae D'Agostino
June 12, 2017
Page three

this attorney under oath. He is trained in such process. I am not. Therefore, I need trained counsel to be able to engage the legal process, which includes cross examination, to bring out the truth.

3) <u>The indigent's ability to present the case.</u> I am not a born American. I was born, raised, and educated in Jordan. My first language is Arabic. I am not well versed in the American legal system. I do not feel I am competent with the language and legal skills necessary to present my claims to the Court. Appointed counsel will be able to assist me in both areas. Appointed counsel will also be able to effectively investigate and gather facts that I cannot do so because of my incarceration.

4) <u>The complexity of the legal issues.</u> To me, all the issues involved in this case are complex. As I said previously, I do not understand the legal process well. I have no expertise in how sentencing guidelines are calculated. And, I did not know, until I read in the decision on my appeal, that my attorney could have, and should have, raised issues about the equivalency ratio used in my case. I do not even know how to begin to address the types of evidence necessary in seeking a departure or variance from the 1:167 ratio. But I do know that I should have been allowed to do so. Further, I must presume that my attorney will deny any wrongdoing and use every means to thwart my efforts to obtain 2255 relief. So, all I can say is these matters are complex to me and I need help. I hope this Court recognizes that and provides me with assistance.

5) <u>Any special reason why appointment of counsel would likely lead to a just determination.</u> I am not sure how to address this except from my heart. To reach a just determination in this matter, I beseech you to see my request from that point of view of a father and a husband desparate to be with his family. When my attorney coerced me into entering my plea, he knew that I was anguish and desparate to be released to see my wife and child. My attorney did not want to try this case. Quite frankly, he wanted to be rid of it. At this time I was distraught at being away from my wife while she was pregnant. I was distraught at not being with her when our son was born. I was distraught at not being able to see my son for his first days of life. When my attorney offered me the means of being reunited with them, I said what he wanted me to say. I said "yes to all the Court's questions." I must now convince this Court that my attorney coerced me into doing so, and failed to effectively assist me. I need counsel to undo this injustice, which has me incarcerated for a lengthly sentence. I pray that this Court recognizes that a just determination in my case is more likely to arrive with the assistance of appointed counsel.

For all the reasons stated above, I hope this Court determines that

Hon. Mae D'Agostino
June 12, 2017
Page four

I have satisfactorily met its requirements for the appointment of counsel in this matter. Thank you for your consideration and assistance.

Respectfully,

Abdelmajii K. Lababneh
BOP No. 58275-054
Federal Prison Camp Canaan
P.O. Box 200
Waymart, PA 18472



Abdelmaji K. Lababneh
Reg No 58275-054
Federal Prison Camp Canaan
P.O. Box 200
Waymart, PA 18472

U.S. DISTRICT COURT
N.D. OF N.Y.
RECEIVED
JUN 2 2 2017
LAWRENCE K. BAERMAN, CLERK
ALBANY

7015 1660 0000 8955 4959

CERTIFIED MAIL

Hon. Mae D'Agostino
445 Broadway
Albany, NY 12207