

United States Department of Justice

*United States Attorney*
*Northern District of New York*

*445 Broadway, Room 218*  *Tel.: (518) 431-0247*
*James T. Foley U.S. Courthouse*  *Fax: (518) 431-0249*
*Albany, New York 12207-2924*

July 11, 2017

Hon. Mae A. D'Agostino
U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 407
Albany, NY 12207

    Re:    <u>United States v. Abdelmaji K. Lababneh, 1:14-CR-00189 (MAD)</u>

Your Honor:

Please accept this letter as the government's request for an order (1) finding that the attorney-client privilege is waived as to the ineffective assistance of counsel claims raised by defendant Abdelmaji K. Lababneh in his July 11, 2017 motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 55), and 2) authorizing the defendant's former attorney, Terrence L. Kindlon, to provide information and produce documents, including an affidavit, in order to address the ineffective assistance of counsel claims raised by the defendant.

In his Section 2255 motion, the defendant claims that he received ineffective assistance of counsel from Mr. Kindlon during the pre-plea and plea stages of his case. The defendant asserts, among other things, that Mr. Kindlon "lied to him about the possible jail time that he would receive." (Def.'s Mot. at 14).

The deadline for the government's opposition to the defendant's motion is August 1, 2017. Upon review of the defendant's motion, it is clear that an affidavit from the defendant's former counsel would be useful in assessing the defendant's ineffective assistance of counsel claims.

I have contacted Mr. Kindlon. He is reluctant to submit an affidavit absent an order of the Court. I am aware that, on July 14, 2010, the ABA's Standing Committee On Ethics and Professional Responsibility issued an opinion entitled "Formal Opinion 10-456, Disclosure Of Information To Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim" ("Opinion 10-456"), that discusses whether defense counsel may cooperate with the government in defending against an ineffective assistance of counsel claim being asserted by the attorney's former client. This opinion suggests that defense counsel usually may not disclose the former client's confidential information voluntarily to the government and that the disclosure usually is only permissible if the court orders the disclosure or the former client expressly consents to each disclosure. While the government may not agree with these suggestions by the ABA, and the

opinion may not be binding on this Court, the requested court order appears necessary to address counsels' ethical concerns. In light of counsel's concerns and the fact that case law supports a finding that the attorney-client privilege has been waived under such circumstances, the requested order appears appropriate.

It is well-settled that a defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. *See, e.g., Eldridge v. United States*, 618 A.2d 690, 692 n. 3 (D.C. 1992) (finding no error in trial court's decision to permit trial counsel to testify at a post-sentencing hearing, on the grounds that, "[b]ecause part of appellant's argument at the [post-sentencing] hearing was based on defense counsel's alleged ineffectiveness, we agree with the trial court that appellant implicitly waived his attorney-client privilege", citing *Doughty v. United States*, 574 A.2d 1342, 1343 (D.C. 1990)); *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege."); *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case); *United States v. Wiggins*, 184 F. Supp. 673, 677-678 (D.D.C. 1960) (finding that where a client assails his attorney's conduct of his case, the privilege as to confidential communications is waived); *see also Bittaker v. Woodford*, 331 F.3d 715, 716-717 (9th Cir. 2003) (where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer), *cert. denied*, 540 U.S. 1013 (2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."), *cert. denied*, 535 U.S. 926 (2002); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) (where there is a claim of ineffective assistance of counsel, the allegedly ineffective attorney should be afforded an opportunity to be heard and present evidence in the form of live testimony, affidavits, or briefs); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (finding that when the client calls into public question the competence of his attorney, the attorney-client privilege is waived), *cert. denied*, 419 U.S. 1125 (1975); *Laughner v. United States*, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (client waives attorney-client privilege by attacking the attorney's performance of his duties); *Overbaugh v. United States*, 483 F.Supp.2d 223, 225 (N.D.N.Y. 2007) ("When a habeas petitioner asserts that his trial counsel was ineffective and bases that assertion on claims involving privileged communications, the [attorney-client] privilege is waived regarding those conversations."); *see also Anderson v. Calderon*, 232 F.3d 1053, 1099 (9th Cir. 2000); *Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir. 1986) (Edmondson, J., concurring); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir.), *cert. denied*, 475 U.S. 1109 (1986); and *Harrelson v. United States*, 967 F.Supp.2d 909, 914-15 (W.D. Tx. 1997).

Although some cases note that waiver is appropriate because it would be unconscionable to preclude an attorney from defending himself against allegations of ineffectiveness, *see Tasby v. United States*, *supra*, 504 F.2d at 336; *United States v. Wiggins*, *supra*, 184 F. Supp. at 677-678, others make clear that waiver occurs whenever the client has put privileged matters at issue and not just in those cases where counsel seeks to defend himself against such allegations. *See, e.g., Doughty v. United States*, *supra*, 574 A.2d at 1343 (privilege waived even though defendant did not allege counsel's ineffectiveness); *Byers v. Burleson*, *supra*, 100 F.R.D. at 440 (privilege waived because information was necessary to resolve issue plaintiff raised); *Laughner v. United States*, *supra*, 373 F.2d at 327 (defendant cannot preclude government's inquiry into one area of evidence likely to contradict his claims in support of motion for new trial).

In the instant case, in filing his motion to vacate his sentence based on claims of ineffective assistance of counsel, the defendant has put his attorney's representation, including his advice and counsel, directly in issue. The defendant has, therefore, waived the attorney-client privilege with respect to his former counsel's representation. The defendant's former counsel is reluctant to provide information concerning his communications with the defendant absent a ruling from this Court that the defendant has waived his attorney-client privilege.

Accordingly, the Government requests that the Court issue an order (1) finding that the defendant has waived the attorney-client privilege, and (2) authorizing the defendant's former counsel, Terrence Kindlon, to: (a) discuss with the government his communications with the defendant that relate to the ineffective assistance of counsel claims the defendant has raised in his motion, (b) provide to the government copies of any documents relevant to the ineffective assistance claims raised by the defendant, and (c) provide an affidavit setting forth facts relevant to the defendant's claims of ineffective assistance of counsel.

    Very truly yours,

    GRANT C. JAQUITH
    Acting United States Attorney

    */s/ Jeffrey C. Coffman*
By:    Jeffrey C. Coffman
    Assistant U.S. Attorney
    Bar Roll # 517969

cc: Abdelmajid Lababneh
    Reg. #58275-054
    Federal Prison Camp Canaan
    Unit G
    P.O. Box 200
    Waymart, PA 18472

    Terence L. Kindlon, Esq.
    By email to: tkindlon@kindlon.com