**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ABDELMAJID LABABNEH,**

                             **Petitioner,**

    vs.                                                **1:14-cr-00189**
                                                           **(MAD)**

**UNITED STATES OF AMERICA,**
                              **Respondent.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**ABDELMAJI K. LABABNEH**
58275-054
Canaan
U.S. Penitentiary
P.O. Box 200, Unit G
Waymart, Pennsylvania 18472
Petitioner *pro se*

**UNITED STATES OF AMERICA**            **EMMET J. O'HANLON, AUSA**
U.S. Department of Justice - Albany Office
445 Broadway
James T. Foley Courthouse
Albany, New York 12201
Attorneys for respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On August 4, 2014, Petitioner pled guilty to Count 1 of the Indictment charging him with conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). *See* Dkt. No. 25; Dkt. No. 62-1 at 7. On June 16, 2015, Petitioner was sentenced to a term of imprisonment of ninety-seven months, to be followed by three-years supervised release, with standard and special conditions. *See* Dkt. No. 40. Moreover, pursuant to the plea agreement, Petitioner waived "any and all rights, including those conferred

by . . . 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack . . . [a]ny sentence to a term of imprisonment of 240 months or less." Dkt. No. 25 at 5.

On June 26, 2015, Petitioner appealed the conviction and his ninety-seven month sentence to the Second Circuit. *See* Dkt. No. 42. On June 6, 2016, the Second Circuit affirmed the judgment of the District Court. *See* Dkt. No. 46. On December 3, 2016, Petitioner moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* Dkt. No. 47. The motion was denied by the Court. *See* Dkt. No. 48.

Currently before the Court is Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 55.

## II. BACKGROUND

On July 5, 2017, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 57. In his motion, Petitioner claims he is entitled to relief for the following reasons: (1) Petitioner received ineffective assistance of counsel; (2) Petitioner did not knowingly intelligently, or voluntarily plead guilty; (3) Petitioner did not receive fair warning or notice as to the controlled nature of XLR-11; (4) Petitioner did not have the required mens rea for the crime charged because he did not know it was illegal to sell XLR-11; and (5) Petitioner's sentence was constitutionally unreasonable. *Id.*

The Government has opposed Petitioner's motion. *See* Dkt. No. 62. In its Opposition to Petitioner's Motion for Relief, the Government argues that: (1) Petitioner did not receive ineffective assistance of counsel and made his guilty plea knowingly, intelligently, and voluntarily as evidenced by the court record and his attorney's testimony and (2) the Court should dismiss the petition without a hearing because Petitioner is not entitled to relief. *Id.* at 5-8.

## III. DISCUSSION

2

**A.      28 U.S.C. § 2255**

Section 2255 of Title 28 of the United States Code states, in relevant part, that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Relief under section 2255 is available only "'for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (quotation omitted). Moreover, a movant under section 2255 is barred from relitigating questions "'which were raised and considered on direct appeal,'" *Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995) (quotations and other citations omitted), as well as any issue he could have raised on direct appeal, whether he actually raised it on appeal or not, *see Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998) (quotation omitted).

The district court has the authority to dismiss a motion to vacate under section 2255 without a hearing if the record conclusively demonstrates that the petitioner is not entitled to relief. *See Pham v. United States*, 318 F.3d 178, 184 (2d Cir. 2003). Further, "'[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b)).

**B.      Ineffective assistance of counsel**

3

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. XI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

In assessing a claim that the habeas petitioner has been denied the effective assistance of counsel to which he is entitled under the Sixth Amendment, the court applies the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, the petitioner

> "must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient,' 466 U.S. at 687, 104 S. Ct. 2052, so deficient that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance,' *id.* at 690, 104 S. Ct. 2052; and (2) he must show 'that the deficient performance prejudiced the defense,' *id.* at 687, 104 S. Ct. 2052, in the sense that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694, 104 S. Ct. 2052.

*Matthews v. United States*, 682 F.3d 180, 186 (2d Cir. 2012) (quotation omitted).

As to the first prong of *Strickland*, attorney conduct is subject to an objective standard of reasonableness, and is accorded deference in light of the "range of legitimate decisions" that accompanies the various circumstances encountered by counsel. *See Strickland*, 466 U.S. at 688-89. As a result, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that there are countless ways to provide effective assistance in any given case and that even the best criminal defense attorneys would not defend a particular client in the same way." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689) (alterations and internal quotation marks omitted).

As to the second prong of *Strickland*, a petitioner must show that, but for his or her attorney's deficient performance, there is a reasonable probability that the result would have been different. *See Strickland*, 466 U.S. at 694. More is required than a mere showing "that the errors had some conceivable effect on the outcome of the proceeding," as "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693.

"The *Strickland* standard is 'highly demanding,' . . . and 'rigorous[.]'" *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (quotations omitted). An ineffective assistance of counsel claim "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Id.* (citation omitted).

Petitioner contends that he received ineffective assistance of counsel because his attorney "lied to [Petitioner], failed to negotiate a decent plea agreement . . . , and then gave [Petitioner] the terrible advice to take the deal." *See* Dkt. No. 55 at 15. Specifically, Petitioner contends that his attorney told him he would receive a sentence of time served and be able to go home. *See id.* at 20. The Government counters that Petitioner's plea and Petitioner's attorney's affidavit contradict Petitioner's assertion.

In the present matter, the record before the Court clearly demonstrates that Petitioner has not and cannot meet the high standard necessary to establish that he received ineffective assistance of counsel because Petitioner was sentenced to an amount of time greater than time served. Under the first prong of *Strickland*, Petitioner's attorney's performance was not objectively deficient. Petitioner claims his attorney failed to negotiate a reasonable plea bargain. *See* Dkt. No. 55 at 20. Petitioner's attorney denies this claim in a sworn affidavit, contending that "[his] efforts resulted in the government's agreement to modify the plea agreement so as to

5

preserve [Petitioner's] right to challenge on direct appeal a decision by the District Court to calculate the offense level using the 1:167 conversion ratio." *See* Dkt. No. 62-2 at 2.

Petitioner claims that prejudice is presumed in a case such as his because his "attorney lied to [him] and deceived [him]." *See* Dkt. No. 55 at 20. Petitioner's allegations conflict with the sworn statement of his attorney. Petitioner's attorney admitted that he said "take the deal and you go home today" to Petitioner. *See* Dkt. No. 62-2 at 1. This statement, however, was in reference to the representations by the Assistant United States Attorney that the Government would not oppose Petitioner's continued release pending sentencing. *See id.* Petitioner's attorney denied that he told Petitioner that he would get a sentence of no more than a year and stated that he explained to Petitioner that the Court would determine his sentence according to the Federal Sentencing Guidelines. Based on the foregoing, the Court finds that Petitioner has failed to satisfy either prong under Strickland.

**C.      Plea was not Knowingly, Intelligently, and Voluntarily Given**

Petitioner contends he did not knowingly, intelligently, and voluntarily plead guilty because Petitioner believed he would be sentenced to time served and the plea agreement was not adequately explained. *See* Dkt. No. 55 at 18-19. Specifically, Petitioner contends that his attorney lied to him about the potential sentence he could face. *See id.* The Government contends the court record belies Petitioner's argument.

A section 2255 movant is barred from relitigating issues that could have been raised on appeal. *Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998). Rule 11 requires "the court . . . address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered" before accepting the defendant's plea. Fed. R. Crim. 11(c)(1); *see also Conhaim v. United States*,

6

No. 96-CV-547, 1996 WL 527346, *3 (N.D.N.Y. Sept. 9, 1996) (holding "that to the extent that petitioner did not raise these alleged deficiencies in the Rule 11 colloquy on his direct appeal, he is barred from doing so in [his] section 2255 motion").

Petitioner did not raise the alleged deficiencies with his guilty plea on his direct appeal and is barred from relitigating them here. Regardless, Plaintiff's argument that his plea was not knowingly, intelligently, and voluntarily given lacks merit. Here, the transcript of the plea colloquy make clear Petitioner understood the plea agreement and went over the document with his attorney. *See* Dkt. No. 62-1 at 14. The transcript shows Petitioner expressly waived the right to appeal any sentence of less than 240 months, the statutory maximum, and that his projected guideline range was 151 to 188 months. *See id.* at 18. Accordingly, the Court finds that Petitioner's argument is meritless.

**D.     Constitutional Fair Warning and Constitutionality of Sentence**

In his petition, Petitioner contends that his sentence of ninety-seven months was constitutionally unreasonable. Dkt. No. 55. Petitioner previously argued in his appeal to the Second Circuit that the district court erred in determining XLR-11 was a controlled substance, failed to sufficiently vary his sentence, and erred in calculating his base offense. Dkt. No. 46. The Second Circuit affirmed the judgment of the district court on the grounds that Petitioner's first and second arguments were waived under the plea agreement. *Id.* at 2-3. The Second Circuit determined that Petitioner failed to raise a sufficient challenge to the use of the drug equivalency conversion ratio in his appeal and the district court made no error in calculating Petitioner's base offense level. *Id.* at 3-4.

Under section 2255, a movant is barred from relitigating questions "which were raised and considered on direct appeal," *Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995)

(quotations and other citations omitted).  Even if the Court considers the substance of the Petitioner's argument, the claim must fail. Courts have consistently upheld use of the 1:167 ratio. *See United States v. Abdeljawad*, No. 1:15-cr-3397, 2018 WL 3025051, *7 (D.N.M. June 18, 2018) (citing cases).  Finally, Petitioner's below guideline sentence is not substantially unreasonable and provides no basis for habeas relief.  As such, the Court finds that Petitioner is barred from relitigating these issues.

**E.     Mens Rea**

Petitioner contends that he did not have the requisite mens rea to commit his offense because he did not know that XLR-11 was a controlled substance.  Petitioner is barred from raising any claims that could have been raised on a direct appeal.  *Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998). Moreover, Petitioner waived his ability to collaterally attack his plea.

Petitioner's motion would still fail even if he could raise a mens rea argument.  Petitioner is correct that knowledge is necessary to commit an offense.  The knowledge requirement can "be met by showing that the defendant knew the identity of the substance he possessed." *McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015).  Therefore, if a defendant knows he is distributing synthetic marijuana but does not know that synthetic marijuana is listed as a controlled substance, the defendant has the requisite mens rea because ignorance of the law is not a defense to criminal prosecution.  *Bryan v. United States*, 524 U.S. 184, 196 (1998).

In Petitioner's case, Petitioner does not deny that he was distributing XLR-11.  Instead, Petitioner claims that he did not know that XLR-11 was a controlled substance because "synthetic marijuana is still for sale in gas stations and convenience stores all over the Bronx."  *See* Dkt. No.

8

55 at 15. Thus, Petitioner's knowledge that he was distributing XLR-11 is sufficient to satisfy the mens rea requirement.

**F.     Certificate of appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255."[1] 28 U.S.C. § 2253(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED**; and the Court further

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

**ORDERS** that no Certificate of Appealability shall be issued in this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: June 26, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge